Patrick B. Streb, Esq. (State Bar No. 116555)
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone (510) 251-6060
Facsimile   (510) 251-6040

Attorneys for Plaintiff
Michael Vawter

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VAWTER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>OLDENDORFF CARRIERS LTD., WALLOCK ENTERPRISES SA OF PANAMA<br><br>　　　　　　Defendants. | Case No. 03-5628 MMC ARB<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY** |

Plaintiff Michael Vawter complains of Defendants and alleges as follows:

### FIRST CAUSE OF ACTION

1.　Plaintiff is a resident of the State of California.

2.　Defendant Oldendorff Carriers Ltd and Wallock Enterprises SA of Panama are corporations or business organizations organized under the laws of a state or country other than California. Prior to August 10, 2001 and on that date, defendants Oldendorff Carriers and Wallock Enterprises SA of Panama were the owners, operators, charterers or inspectors and were in control of a vessel, the *Frederike Oldendorff* and its gear, appliances and component parts. Said vessel

---
1
Vawter v. Oldendorff Carriers LTD Case No.: 03-5628 MMC ARB

was, and now is, engaged in the transportation of goods and cargo on the navigable waters of the United States of America.

4.  On or about August 10, 2001, the vessel was docked in Oakland, California. At that time and place, defendants employed Marine Terminals Corporation, a stevedoring company, to load and unload the vessel. On that date, plaintiff was a longshoreman who was employed by Marine Terminals Corporation.

5.  On and before August 10, 2001, defendants so negligently and carelessly owned, operated, inspected, maintained, supervised and controlled said vessel and the loading operation on the vessel, that its equipment and cargo were in a dangerous, defective and improper condition, thereby creating a risk of injury in the loading work area to persons working there. Defendants knew, or in the exercise of ordinary care should have known, of the dangerous, defective, and improper conditions then existing, and failed to remedy said conditions or to otherwise adequately safeguard persons working on the vessel against the conditions, having had a reasonable opportunity to do so. As a direct and proximate result of the negligence of defendants, plaintiff was caused to sustain severe personal injuries and damages, all to his damage in an amount within the jurisdiction of this Court.

6.  As a direct and proximate result of defendants' negligence, plaintiff was unable to work and suffered, and will suffer, loss of earnings in an amount according to proof.

2

Vawter v. Oldendorff Carriers LTD Case No.: 03-5628 MMC ARB

7. As a further proximate result of defendants' negligence, plaintiff incurred medical and related expenses, all to his damage in an amount according to proof.

WHEREFORE, plaintiff prays for judgment against defendants and each of them as follows:

1. For general damages in a sum within the jurisdiction of this court;
2. For loss of earnings, past and future, according to proof;
3. For medical expenses incurred and to be incurred;
4. For costs of suit herein incurred;
5. For such other and further relief as the Court may deem proper.

Dated: March 15, 2004                           WELTIN LAW OFFICE, P.C.

_____
Patrick B. Streb
Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

Dated: March 15, 2004                           WELTIN LAW OFFICE, P.C.

_____
Patrick B. Streb

3
Vawter v. Oldendorff Carriers LTD Case No.: 03-5628 MMC ARB